UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-CV-00169 JAR |
| | ) |
| AMANDA BLISSETT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented petitioner Jimmy Shelby's petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] For the following reasons, the Court finds that petitioner's claim is not cognizable in a federal habeas proceeding and will deny and dismiss the petition.

### Standard on Initial Review

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

### Factual and Procedural Background

On January 2, 2004, petitioner was arrested by the St. Louis County police on multiple counts of first-degree robbery and armed criminal action. On January 16, 2004, while petitioner was in detention in St. Louis County, St. Louis City issued a warrant charging him with multiple,

---

[1] Habeas corpus actions brought pursuant to 28 U.S.C. § 2241 relate to the execution of a petitioner's sentence, whereas habeas action brought pursuant to 28 U.S.C. § 2254 attack the validity of the petitioner's sentence.

additional counts of first-degree robbery and armed criminal action. Petitioner plead guilty to the St. Louis County charges on October 7, 2004, and was sentenced to the Missouri Department of Corrections. Petitioner was incarcerated in the Department of Corrections on the St. Louis County sentences when he plead guilty to the St. Louis City charges on November 4, 2005. Petitioner was given 265 days jail time credit against both the City and County sentences (for time incarcerated prior to his sentencing on the St. Louis County charges); but he was not awarded jail time credit (on the St. Louis City charges) for the time he served in prison on the County convictions prior to the disposition of the St. Louis City charges.

Petitioner filed a petition for declaratory judgment in Cole County Circuit Court, asserting that his conviction did not render the crimes unrelated under R.S.Mo. § 558.031.1 and that he should therefore receive 393 days credit for time he was incarcerated in prison because of the St. Louis County conviction, prior to his conviction on his St. Louis City charges. *Shelby v. Mo. Dep't of Corr.,* No. 17AC-CC00502 (19th Jud. Cir., Cole County Court). The Department of Corrections moved for summary judgment arguing that petitioner was not entitled to such jail time credit because his convictions on the time in custody (after the St. Louis County sentence of incarceration and imposition of the St. Louis City sentences) were not related to the St. Louis City offenses. The Circuit Court found that petitioner was not entitled to the jail time credit he requested and granted the Department of Corrections summary judgment. *Id.* Petitioner appealed the judgment to the Missouri Court of Appeals. *Shelby v. Mo. Dep't of Corr.,* No. WD81472 (Mo.Ct.App. 2018). The Court of Appeals affirmed the Circuit Court's holding on November 6, 2018. *Id.* Undeterred, petitioner filed a petition for writ of mandamus in the Missouri Supreme Court on March 11, 2019, and the Supreme Court denied the petition for writ on June 4, 2019. *In re: Jimmy Shelby,* No. SC97742 (Mo. 2019).

After this review, petitioner then filed a petition for writ of mandamus in St. Francois County, Missouri. *Shelby v. Mo. Dep't of Corr.*, No. 19SF-CC00143 (24th Jud. Cir., St. Francois County Court). His claims in the writ were "practically identical" to those he filed in Cole County in 2017. In denying the petition for writ, the St. Francois County Court stated, "If Petitioner was unable to establish his right to the disputed jail time credit to the satisfaction of the Cole County Circuit Court, he most certainly cannot show to this Court an 'unequivocal showing' that Respondent failed to perform a 'ministerial duty imposed by law' by failing or refusing to credit him with the disputed jail time credit." *Id.*

On May 30, 2024, petitioner filed a civil rights action pursuant to 42 U.S.C. § 1983 in this Court against eighteen defendants. *See Shelby v. Missouri Dept. of Corr., et al.*, No. 4:24-CV-00759 (E.D.Mo.). He alleged that defendants had denied him jail time credits, and he sought injunctive and declaratory relief. *Id.* The Honorable Catherine D. Perry denied and dismissed petitioner's action on November 5, 2024, finding that the *Rooker-Feldman* doctrine[2] barred review of petitioner's claims for relief.

## Discussion

Petitioner Jimmy Shelby, a Missouri state prisoner currently incarcerated at Tipton Correctional Center, filed this application for writ pursuant to 28 U.S.C. § 2241 challenging the Missouri Department of Corrections' (MDOC) appropriation of jail time credits to his sentence under Missouri Revised Statute § 558.031. In his motion, petitioner states that he is entitled to jail time credit arising out of the MDOC's miscalculation of his sentences in his state court criminal cases. He seeks to have this time credited as time served.

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Having carefully reviewed the petition and the underlying record, the Court concludes petitioner's claim is not cognizable in a federal habeas proceeding because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding). A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition challenges how the MDOC calculates petitioner's jail time credit under Missouri Revised Statute § 558.031. As a result, petitioner's claim for relief is not cognizable, and the Court will summarily dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 19th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE